## UNITED STATES v. BENNET.

### (Circuit Court of Appeals, Second Circuit. January 9, 1895.)

### No. 55.

**CUSTOMS DUTIES—CLASSIFICATION—RAW ANGORA GOAT SKIN.**

Raw Angora goat skins, with the hair on, being for all commercial purposes undressed fur skins, it being unprofitable to separate the hair from the skin and to use the hair as wool, cannot be classified as "wools on the skin," under Act Oct. 1, 1890, par. 387, but are free of duty, under paragraph 588, as fur skins "not dressed in any manner." Paragraph 605, which provides for the free entry of such skins without the wool, does not imply that, with the wool on, they are dutiable.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by Henry Bennet, importer of certain Angora goat skins, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise. The circuit court reversed the decision of the board of general appraisers. The United States appealed.

Charles Duane Baker, Asst. U. S. Atty.

Wm. B. Coughtry (Stephen G. Clarke, of counsel), for importer.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. In the year 1891, the appellee, Henry Bennet, imported into the port of New York an invoice of raw Angora goat skins with the wool or hair on. The appraiser classed the hair upon the skins as "Class 2 Mohair," under paragraph 377 of the tariff act of October 1, 1890; and the collector, adopting this classification, assessed duty upon the estimated weight of the hair upon the skins, at the rate of 12 cents per pound, under the provisions of paragraph 387 of the same act, which provides that "wools on the skin shall pay the same rate as other wools, the quantity and value to be ascertained under such rules as the secretary of the treasury may prescribe." If the merchandise was properly dutiable as wools or hair, the rate of 12 cents per pound was properly assessed thereon as wool or hair of the second class, under paragraphs 377 and 384 of the act of October 1, 1890. The importer protested that his goods were entitled to free entry, under the pro-

visions of paragraph 588 of the same act, which places in the free list "fur skins of all kinds not dressed in any manner." The collector's decision was affirmed by the board of general appraisers, and their decision was reversed by the circuit court.

Raw Angora goat skins, with the wool on, are used exclusively as fur skins, and for no other purpose than as fur. It is not profitable to separate the hair from the skins, and to use the hair as wool. They are for all commercial uses undressed fur skins, and while they are also, literally, undressed wool skins, or skins with the wool on, their classification for tariff purposes should not be under the head of "wools," because practically they are not such. While bearing the name of "wool," they are not the wools to which the wool schedule relates, and it is too close an adherence to literalism to classify them as something which they are not. The board of general appraisers recognized this difficulty, but were of the opinion that paragraph 605, which provided for the free entry of raw Angora goat skins without the wool, implied that the same class of skins with the wool on was dutiable. A raw goat skin without the wool is expressly within the paragraph which relates to hides which are to be tranformed into leather. A goat skin with the wool is a different article, and its commercial characteristics are accurately described in paragraph 588. The two paragraphs relate to different subjects, and from the legislative intent in regard to the duty upon hides no inference can be drawn as to the intent in regard to the duty upon unmanufactured furs. The decision of the circuit court is affirmed.